```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

ROSE-MARY DURANDISSE,                 :

                Plaintiff,            :
                                                MEMORANDUM DECISION
        - against -                   :
                                                06 Civ. 2463 (DC)
US AUTO TASK FORCE and HOUSEHOLD      :
AUTOMOTIVE FINANCE CORP. III,
                                      :
                Defendants.
                                      :
- - - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**   JOSHUA N. BLEICHMAN, ESQ.
50 Commerce Street
Spring Valley, New York  10977
  Attorney for Plaintiff

LOANZON SHEIKH, LLC
    By:  Tristan C. Loanzon, Esq.
112 Madison Avenue, 5th Floor
New York, New York  10016
  Attorneys for Defendant US
  Auto Task Force

PHILLIPS LYTLE LLP
    By:  Anthony DiPaolo, Esq.
         Michael Charles Foley, Esq.
437 Madison Avenue
New York, New York  10022
  Attorneys for Defendant Household Finance
  Corporation III

**CHIN, District Judge**

In this action, plaintiff Rose-Mary Durandisse brings claims against defendants U.S. Auto Task Force ("USATF") and HSBC Automotive Finance, Inc. ("HSBC"), incorrectly sued herein as Household Finance Corporation III, for violations of the Truth In Lending Act (the "TILA"), 15 U.S.C. § 1640, the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, the New York State Vehicle and Traffic Law, and state common law.

USATF and HSBC separately move to dismiss all claims against them. Although USATF uses the language of Federal Rule of Civil Procedure 12(b)(6), I construe its motion as one for summary judgment. HSBC moves for summary judgment. For the reasons that follow: both motions are granted, and the second amended complaint is dismissed with prejudice as to the federal claims and without prejudice as to the state claims.

## BACKGROUND

The following facts are set forth in the pleadings and documentary evidence submitted by the parties. For purposes of this motion, the facts are construed in the light most favorable to Durandisse, and conflicts in the evidence have been resolved in her favor.

### A. The Facts

Durandisse is a resident of New York. (Second Am. Compl. ¶ 2). USATF is a New York corporation. (Id. ¶ 6). HSBC is a Delaware corporation. (Id. ¶ 3).

In May 2004, Durandisse purchased a used 2002 Toyota RAV4 from Paul Miller Toyota for $26,906.73 with financing provided by Toyota Motor Credit Corporation ("Toyota Motor"). (Id. ¶¶ 8-9). In August 2005, she refinanced the vehicle through HSBC. (Id. ¶ 10). HSBC was supposed to pay Toyota Motor $24,507.18 to pay off Durandisse's original loan with Toyota Motor. (Id. ¶ 12; see also DiPaolo Decl. Ex. C). HSBC issued a check payable to "Toyota Financial Service" dated August 3, 2005, but somehow the check was delivered to Citibank and deposited in

account number 044158675.  The check cleared shortly thereafter.  (<u>Id.</u> ¶ 13; <u>see also</u> DiPaolo Decl. Ex. D).  Toyota Motor did not have an account at Citibank, however, and did not receive payment from HSBC for at least one month.  (Second Am. Compl. ¶¶ 13-14).

Apparently, Durandisse stopped making payments to Toyota Motor, understandably, because the loan had been refinanced and she believed Toyota Motor had been paid off by HSBC.  (HSBC 56.1 ¶ 4).  HSBC's error led to the repossession of Durandisse's vehicle by USATF at her residence on September 9, 2005, "in the middle of the night, without notification." (Second Am. Compl. ¶ 14).  USATF, whose only business is to repossess vehicles, does not communicate with debtors prior to repossessing their vehicles.  (Maghakian Decl. ¶¶ 3, 5).  Durandisse recovered her vehicle from USATF on September 28, 2005, and signed a document releasing and discharging USATF from any liability regarding the repossession of her vehicle.  (<u>Id.</u> Ex. C).

**B.    Procedural History**

Durandisse filed the complaint in this action on March 29, 2006 against Paul Miller Toyota, Toyota Motor, Citibank N.A., USATF, and HSBC.  She alleged claims for fraud and negligent misrepresentation, violations of the TILA and the New York State Vehicle and Traffic Law § 425, breach of the covenant of good faith and fair dealing, and negligence.  She also sought punitive damages.  A discovery plan was entered May 16, 2006, setting January 2, 2007 as the deadline for all discovery to be

completed.  In the meantime, Toyota Motor, Paul Miller Toyota, and Citibank N.A. were each dismissed from the action, leaving USATF and HSBC as the remaining defendants.

Durandisse filed an amended complaint on April 7, 2006. On December 1, 2006, the Court denied plaintiff's motion for a default judgment against USATF.  The Court accepted plaintiff's second amended complaint, dated October 30, 2006, on January 19, 2007.  The second amended complaint added claims against USATF for violations of the FDCPA, 15 U.S.C. §§ 1692c and 1692d.  USATF and HSBC each filed dispositive motions on February 19, 2007. The action was reassigned to me on June 5, 2009.

## DISCUSSION

USATF couches its motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), but it presents materials outside the complaint, as in a motion for summary judgment.  (See Maghakian Decl. Exs. A-C).  Durandisse was provided with notice and the opportunity to submit supporting material.  She did so, presenting materials outside the complaint in her "Supplemental Memorandum of Law in Opposition to Motion of US Auto Task Force Motion for Summary Judgment" and submitting a 56.1 opposition statement of "Disputed Facts Which Defeat Summary Judgment."  Accordingly, I treat USATF's motion as one for summary judgment, like HSBC's motion, and review both under the summary judgment standard.  See Fed. R. Civ. P. 12(b), 56; Chambers v. Time Warner, Inc., 282 F.3d 147, 154-55 (2d Cir. 2002).

Durandisse makes the following claims against USATF: a federal claim for violations of the FDCPA and state claims under the New York State Vehicle and Traffic Law and for negligence. She makes the following claims against HSBC: a federal claim for violations of the TILA and state claims for fraud, breach of the covenant of good faith and fair dealing, and negligence. I address Durandisse's federal claims in turn, then address the remaining state law claims against both defendants together.

A.   **Summary Judgment Standard**

Summary judgment is appropriate only where the parties' submissions "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment is inappropriate if the Court, resolving all ambiguities and drawing all reasonable inferences against the moving party, finds that the dispute about a material fact is "such that a reasonable jury could return a verdict for the nonmoving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As the Supreme Court held in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal

citations omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. Nat'l Union Fire Ins. Co. v. Deloach, 708 F. Supp. 1371, 1379 (S.D.N.Y. 1989) (quoting R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted)). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) (internal citations and quotations omitted).

**B.    The FDCPA**

Durandisse alleges USATF violated the FDCPA "by collecting a debt through repossession of Plaintiff's vehicle, when Plaintiff had re-financed the vehicle and paid it off." (Second Am. Compl. ¶ 31).

  **1.    Applicable Law**

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

For most provisions of the FDCPA, repossession agencies are not considered "debt collectors." See Jordan v. Kent Recovery Services, Inc., 731 F. Supp. 652, 656-58 (D. Del. 1990). For purposes of Section 1692f(6) of the FDCPA, however, the statute employs a broader definition of the term "debt collector," and includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6); see also Jordan, 731 F. Supp. at 656-58.

> Section 1692f(6) prohibits debt collectors from using
>
> unfair or unconscionable means to collect or attempt to collect any debt, specifically: taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest.

15 U.S.C. § 1692f(6)(A).

This provision "applies to repossession agencies, those businesses which are employed by the owner of collateral to dispossess the debtor of the collateral and return it to the owner." Ghartey v. Chrysler Credit Corp., No. 92 Civ. 1782 (CPS), 1992 WL 373479, at *4 (E.D.N.Y. Nov. 23, 1992)(citing Jordan, 731 F. Supp. 652, 657-59 (D. Del. 1990)).

Thus, repossession companies such as USATF may be held liable for violations of Section 1692f(6), but only if they engage in repossession without the "present right" to do so "via a valid security interest." Plummer v. Gordon, 193 F. Supp. 2d 460, 463-64 (D. Conn. 2002); see also Vitale v. First Fid. Leasing Group, 35 F. Supp. 2d 78, 81 (D. Conn. 1998); Clark v. Auto Recovery Bureau Conn., Inc., 889 F. Supp. 543, 546 (D. Conn. 1994); see also Jordan v. Kent Recovery Servs., Inc., 731 F. Supp. 652, 658 (D. Del. 1990).

Failure to establish wrongful repossession precludes liability under the statute. See Plummer, 193 F. Supp. 2d at 464 (where complaint fails to establish plaintiff's superior right of

possession, repossession company was not liable under FDCPA for repossessing car in violation of settlement agreement with plaintiff).

### 2. Application

Here, the issue is whether Durandisse has presented sufficient evidence from which a reasonable jury could find that USATF, as a repossession agency, engaged in repossession without the "present right" to do so "via a valid security interest." Plummer, 193 F. Supp. 2d at 463-64. She has not done so.

Durandisse presents no evidence to support her allegation that USATF wrongfully repossessed her vehicle despite her having "re-financed the vehicle and paid it off." (Second Am. Compl. ¶ 31). In fact, Durandisse alleges, and HSBC concedes, that HSBC erroneously deposited the payoff check to Toyota Motor in a Citibank account that did not belong to Toyota Motor. (Id. ¶¶ 12-15; HSBC 56.1 ¶¶ 3-4). Accordingly, Toyota Motor was not "paid off" for at least one month after Durandisse refinanced her vehicle with HSBC -- or so it seemed from Toyota Motor's perspective. As far as Toyota Motor could tell, it had a right to repossess the vehicle, and USATF, as the repossession agency, also had a right to repossess the vehicle. (See Maghakian Decl. Ex. C (repossession order showing past due amount of $2028.74)). Nothing in the record suggests that USATF or Toyota Motor knew or had reason to know that HSBC had misdirected the payment. Durandisse provides no evidence that would raise a question of fact about USATF's right to repossess the vehicle.

Durandisse also argues that USATF "failed to inquire concerning the debt with Toyota," and "failed to communicate with the Plaintiff prior to the repossession of her vehicle." (Opp'n to USATF 56.1 ¶¶ 3-4). She claims these notice failures violated 15 U.S.C. § 1692g, which requires debt collectors "within five days after the initial communication with a consumer in connection with the collection of any debt" to "send the consumer a written notice." § 1692g(a). Durandisse's reliance on § 1692g(a) is misplaced. Repossession agencies may not be held liable as debt collectors under § 1692g(a). It is only for purposes of § 1692f(6), which regulates the "dispossession or disablement of property," that repossession agencies are held liable under the FDCPA. See 15 U.S.C. § 1692(a)(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."); see also Jordan, 731 F. Supp. at 656-58 (noting that repossession agencies are not considered debt collectors for most provisions of the FDCPA). Thus USATF, as the repossession agency, had no duty under the FDCPA to notify Durandisse of its intent to repossess her vehicle. Indeed, notice prior to repossession would not make sense in this context, as repossession agencies would have great difficulty repossessing automobiles and other personal property

if they had to warn debtors in advance that they would be doing so.

Durandisse also argues that USATF has not responded to her discovery requests. The record does not reflect, however, that Durandisse made any motions to compel at any point or sought an extension of the January 2, 2007 discovery deadline. Durandisse surely had the opportunity to seek discovery, and to the extent she did not get any particular discovery, she did not seek relief.[1] Even assuming USATF did not respond to Durandisse's discovery requests, she has come forward with no other evidence from any other source in support of her claim. Accordingly, Durandisse's FDCPA claim against USATF is dismissed.

### C.  **The TILA**

Durandisse alleges HSBC violated the TILA by "failing to disclose the hidden financial charge(s) contained in [its transactions] for inflated financing, and charging undisclosed fees, miscalculating the true financing charges from the date of the financing instead of the date of the payoff." (Second Am. Compl. ¶ 23).

#### 1.  **Applicable Law**

The TILA is designed to provide information to consumers who are applying for credit plans. The purpose of the TILA is to "assure a meaningful disclosure of credit terms so

---

[1] Durandisse does assert she made an application to strike USATF's answer for discovery abuse; the Court, however, denied her motion for a default judgment against USATF on December 1, 2006.

that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a); see, e.g., Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 568 (1980) ("Meaningful disclosure does not mean more disclosure. Rather, it describes a balance between competing considerations of complete disclosure . . . and the need to avoid . . . [informational overload]." (internal quotations omitted)); Pechinski v. Astoria Fed. Savs. & Loan Ass'n, 238 F. Supp. 2d 640, 642 (S.D.N.Y. 2003). It is a remedial statute that, in accordance with Congressional intent, should be liberally construed in favor of consumers. Pechinski, 238 F. Supp. 2d at 642 (citing N.C. Freed Co. v. Bd. of Governors of the Fed. Reserve Sys., 473 F.2d 1210, 1214 (2d Cir. 1973)).

  b. **Application**

  Durandisse's second amended complaint does not make clear what actions taken by HSBC constitute a violation of the TILA. The primary basis for her TILA claim appears to be her allegation that HSBC "sent the payoff check to the wrong address so that a new payoff was actually sent over two months later." (Second Am. Compl. ¶¶ 23, 24).

  Durandisse does not state a claim for a TILA violation based on HSBC's error in sending the payoff check to Toyota Motor. She simply fails to articulate how such an error constitutes a failure by HSBC to meaningfully disclose its credit terms. Indeed, Durandisse acknowledges that HSBC met its TILA disclosure obligations in its Repayment and Security Agreement

with Durandisse dated August 1, 2005.  (Opp'n to HSBC 56.1 ¶ 2; <u>see also</u> DiPaolo Decl. Ex. C).  HSBC's subsequent failure to timely pay Toyota Motor for over a month did not affect the accuracy of its disclosures.

Durandisse also alleges "hidden financial charges" and "undisclosed fees" by HSBC.  (Second Am. Compl. ¶ 23).  She provides no evidence whatsoever, however, showing that she was levied any such charges and fees.

Perhaps recognizing that any errors by HSBC in directing the payment to Toyota Motor fail to form the basis for a TILA claim, Durandisse raises a new ground for claiming violations of the TILA in her opposition brief to HSBC's motion.  She argues HSBC failed to give her a copy of its TILA disclosures prior to the consummation of the financing transaction between the parties.  This claim fails.  First, the claim is not asserted in the second amended complaint, which contains no such factual allegations.  Second, the assertion is purely conclusory, as Durandisse fails to provide an affidavit or any other evidence in her opposition in support of these allegations.  Third, HSBC, has provided a copy of Durandisse's Repayment and Security Agreement, dated August 1, 2005, which discloses all meaningful credit terms and bears an acknowledgment of receipt signed by Durandisse.  (Dipaolo Decl. Ex. C).

Accordingly, Durandisse has not shown the existence of a genuine issue of fact for trial.  HSBC's motion is granted and Durandisse's TILA claim is dismissed.

D.  **Remaining State Law Claims**

Both USATF and HSBC move to dismiss the remaining state law claims against them as without merit; they also argue that the court should decline to exercise supplemental jurisdiction over the state law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims").

Durandisse does not oppose defendants' motions as to her state law claims. With the dismissal of Durandisse's federal FDCPA and TILA claims, there remains no independent jurisdictional basis for her state law claims. Accordingly, I decline to exercise supplemental jurisdiction over her state law claims against USATF and HSBC and dismiss them as well. See Healy v. City of New York Dep't of Sanitation, 286 F. App'x 744, 746 (2d Cir. 2008). Durandisse may pursue the claims in state court if she wishes.

## CONCLUSION

For the foregoing reasons, USATF and HSBC's motions are granted, and Durandisse's second amended complaint is dismissed. The Clerk of the Court shall enter judgment dismissing the complaint, with prejudice as to the federal FDCPA and TILA claims

but without prejudice to refiling the state law claims in state court, and with costs but without attorneys' fees.

    SO ORDERED.

Dated:   New York, New York
        July 30, 2009

                              DENNY CHIN
                              United States District Judge