UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

ROSE-MARY DURANDISSE,                    :

               Plaintiff,     :

     - against -                     :

US AUTO TASK FORCE and HOUSEHOLD     :
AUTOMOTIVE FINANCE CORP. III,
                          :

               Defendants.

                          :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/09

**MEMORANDUM DECISION**

06 Civ. 2463 (DC)

**APPEARANCES:**     JOSHUA N. BLEICHMAN, ESQ.
                      50 Commerce Street
                      Spring Valley, New York  10977
                       Attorney for Plaintiff

                      LOANZON SHEIKH, LLC
                       By:  Tristan C. Loanzon, Esq.
                      112 Madison Avenue, 5th Floor
                      New York, New York  10016
                       Attorneys for Defendant US
                       Auto Task Force

                      PHILLIPS LYTLE LLP
                       By:  Anthony DiPaolo, Esq.
                           Michael Charles Foley, Esq.
                      437 Madison Avenue
                      New York, New York  10022
                       Attorneys for Defendant Household Finance
                       Corporation III

**CHIN, District Judge**

        In this action, plaintiff Rose-Mary Durandisse brings claims against defendants U.S. Auto Task Force ("USATF") and HSBC Automotive Finance, Inc. ("HSBC"), incorrectly sued herein as Household Finance Corporation III, for violations of the Truth In Lending Act (the "TILA"), 15 U.S.C. § 1640, the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, the New York State Vehicle and Traffic Law, and state common law.

USATF and HSBC separately move to dismiss all claims
against them.  Although USATF uses the language of Federal Rule
of Civil Procedure 12(b)(6), I construe its motion as one for
summary judgment.  HSBC moves for summary judgment.  For the
reasons that follow:  both motions are granted, and the second
amended complaint is dismissed with prejudice as to the federal
claims and without prejudice as to the state claims.

## BACKGROUND

The following facts are set forth in the pleadings and
documentary evidence submitted by the parties.  For purposes of
this motion, the facts are construed in the light most favorable
to Durandisse, and conflicts in the evidence have been resolved
in her favor.

## A.   The Facts

Durandisse is a resident of New York.  (Second Am.
Compl. ¶ 2).  USATF is a New York corporation.  (Id. ¶ 6).  HSBC
is a Delaware corporation.  (Id. ¶ 3).

In May 2004, Durandisse purchased a used 2002 Toyota
RAV4 from Paul Miller Toyota for $26,906.73 with financing
provided by Toyota Motor Credit Corporation ("Toyota Motor").
(Id. ¶¶ 8-9).  In August 2005, she refinanced the vehicle through
HSBC.  (Id. ¶ 10).  HSBC was supposed to pay Toyota Motor
$24,507.18 to pay off Durandisse's original loan with Toyota
Motor.  (Id. ¶ 12; see also DiPaolo Decl. Ex. C).  HSBC issued a
check payable to "Toyota Financial Service" dated August 3, 2005,
but somehow the check was delivered to Citibank and deposited in

- 2 -

account number 044158675.  The check cleared shortly thereafter.
(Id. ¶ 13; see also DiPaolo Decl. Ex. D).  Toyota Motor did not
have an account at Citibank, however, and did not receive payment
from HSBC for at least one month.  (Second Am. Compl. ¶¶ 13-14).

Apparently, Durandisse stopped making payments to
Toyota Motor, understandably, because the loan had been
refinanced and she believed Toyota Motor had been paid off by
HSBC.  (HSBC 56.1 ¶ 4).  HSBC's error led to the repossession of
Durandisse's vehicle by USATF at her residence on September 9,
2005, "in the middle of the night, without notification."
(Second Am. Compl. ¶ 14).  USATF, whose only business is to
repossess vehicles, does not communicate with debtors prior to
repossessing their vehicles.  (Maghakian Decl. ¶¶ 3, 5).
Durandisse recovered her vehicle from USATF on September 28,
2005, and signed a document releasing and discharging USATF from
any liability regarding the repossession of her vehicle.  (Id.
Ex. C).

## B.  Procedural History

Durandisse filed the complaint in this action on March
29, 2006 against Paul Miller Toyota, Toyota Motor, Citibank N.A.,
USATF, and HSBC.  She alleged claims for fraud and negligent
misrepresentation, violations of the TILA and the New York State
Vehicle and Traffic Law § 425, breach of the covenant of good
faith and fair dealing, and negligence.  She also sought punitive
damages.  A discovery plan was entered May 16, 2006, setting
January 2, 2007 as the deadline for all discovery to be

- 3 -

completed.  In the meantime, Toyota Motor, Paul Miller Toyota, and Citibank N.A. were each dismissed from the action, leaving USATF and HSBC as the remaining defendants.

Durandisse filed an amended complaint on April 7, 2006. On December 1, 2006, the Court denied plaintiff's motion for a default judgment against USATF.  The Court accepted plaintiff's second amended complaint, dated October 30, 2006, on January 19, 2007.  The second amended complaint added claims against USATF for violations of the FDCPA, 15 U.S.C. §§ 1692c and 1692d.  USATF and HSBC each filed dispositive motions on February 19, 2007. The action was reassigned to me on June 5, 2009.

## DISCUSSION

USATF couches its motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), but it presents materials outside the complaint, as in a motion for summary judgment.  (See Maghakian Decl. Exs. A-C).  Durandisse was provided with notice and the opportunity to submit supporting material.  She did so, presenting materials outside the complaint in her "Supplemental Memorandum of Law in Opposition to Motion of US Auto Task Force Motion for Summary Judgment" and submitting a 56.1 opposition statement of "Disputed Facts Which Defeat Summary Judgment."  Accordingly, I treat USATF's motion as one for summary judgment, like HSBC's motion, and review both under the summary judgment standard.  See Fed. R. Civ. P. 12(b), 56; Chambers v. Time Warner, Inc., 282 F.3d 147, 154-55 (2d Cir. 2002).

- 4 -

Durandisse makes the following claims against USATF: a
federal claim for violations of the FDCPA and state claims under
the New York State Vehicle and Traffic Law and for negligence.
She makes the following claims against HSBC: a federal claim for
violations of the TILA and state claims for fraud, breach of the
covenant of good faith and fair dealing, and negligence. I
address Durandisse's federal claims in turn, then address the
remaining state law claims against both defendants together.

## A.   **Summary Judgment Standard**

Summary judgment is appropriate only where the parties'
submissions "show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v.
Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment is
inappropriate if the Court, resolving all ambiguities and drawing
all reasonable inferences against the moving party, finds that
the dispute about a material fact is "such that a reasonable jury
could return a verdict for the nonmoving party." See Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

To defeat a motion for summary judgment, the nonmoving
party "must do more than simply show that there is some
metaphysical doubt as to the material facts." Matsushita Elec.
Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As
the Supreme Court held in Anderson, "[i]f the evidence is merely
colorable, or is not significantly probative, summary judgment
may be granted." Anderson, 477 U.S. at 249-50 (internal

citations omitted).  The nonmoving party may not rest upon mere

conclusory allegations or denials, but must set forth "concrete

particulars" showing that a trial is needed.  Nat'l Union Fire

Ins. Co. v. Deloach, 708 F. Supp. 1371, 1379 (S.D.N.Y. 1989)

(quoting R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77

(2d Cir. 1984) (internal quotations omitted)).  Accordingly, it

is insufficient for a party opposing summary judgment "merely to

assert a conclusion without supplying supporting arguments or

facts."  BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d

603, 615 (2d Cir. 1996) (internal citations and quotations

omitted).

## B.    The FDCPA

Durandisse alleges USATF violated the FDCPA "by

collecting a debt through repossession of Plaintiff's vehicle,

when Plaintiff had re-financed the vehicle and paid it off."

(Second Am. Compl. ¶ 31).

### 1.    Applicable Law

The FDCPA was enacted to "eliminate abusive debt

collection practices by debt collectors."  15 U.S.C. § 1692(e).

For most provisions of the FDCPA, repossession agencies

are not considered "debt collectors."  See Jordan v. Kent

Recovery Services, Inc., 731 F. Supp. 652, 656-58 (D. Del. 1990).

For purposes of Section 1692f(6) of the FDCPA, however, the

statute employs a broader definition of the term "debt

collector," and includes "any person who uses any instrumentality

of interstate commerce or the mails in any business the principal

- 6 -

purpose of which is the enforcement of security interests." 15

U.S.C. § 1692a(6); see also Jordan, 731 F. Supp. at 656-58.

> Section 1692f(6) prohibits debt collectors from using
>
> > unfair or unconscionable means to collect or
> > attempt to collect any debt, specifically:
> > taking or threatening to take any nonjudicial
> > action to effect dispossession or disablement
> > of property if . . . there is no present
> > right to possession of the property claimed
> > as collateral through an enforceable security
> > interest.

15 U.S.C. § 1692f(6)(A).

This provision "applies to repossession agencies, those
businesses which are employed by the owner of collateral to
dispossess the debtor of the collateral and return it to the
owner." Ghartey v. Chrysler Credit Corp., No. 92 Civ. 1782
(CPS), 1992 WL 373479, at *4 (E.D.N.Y. Nov. 23, 1992)(citing
Jordan, 731 F. Supp. 652, 657-59 (D. Del. 1990)).

Thus, repossession companies such as USATF may be held
liable for violations of Section 1692f(6), but only if they
engage in repossession without the "present right" to do so "via
a valid security interest." Plummer v. Gordon, 193 F. Supp. 2d
460, 463-64 (D. Conn. 2002); see also Vitale v. First Fid.
Leasing Group, 35 F. Supp. 2d 78, 81 (D. Conn. 1998); Clark v.
Auto Recovery Bureau Conn., Inc., 889 F. Supp. 543, 546 (D. Conn.
1994); see also Jordan v. Kent Recovery Servs., Inc., 731 F.
Supp. 652, 658 (D. Del. 1990).

Failure to establish wrongful repossession precludes
liability under the statute. See Plummer, 193 F. Supp. 2d at 464
(where complaint fails to establish plaintiff's superior right of

- 7 -

possession, repossession company was not liable under FDCPA for repossessing car in violation of settlement agreement with plaintiff).

## 2. **Application**

Here, the issue is whether Durandisse has presented sufficient evidence from which a reasonable jury could find that USATF, as a repossession agency, engaged in repossession without the "present right" to do so "via a valid security interest." Plummer, 193 F. Supp. 2d at 463-64. She has not done so.

Durandisse presents no evidence to support her allegation that USATF wrongfully repossessed her vehicle despite her having "re-financed the vehicle and paid it off." (Second Am. Compl. ¶ 31). In fact, Durandisse alleges, and HSBC concedes, that HSBC erroneously deposited the payoff check to Toyota Motor in a Citibank account that did not belong to Toyota Motor. (Id. ¶¶ 12-15; HSBC 56.1 ¶¶ 3-4). Accordingly, Toyota Motor was not "paid off" for at least one month after Durandisse refinanced her vehicle with HSBC -- or so it seemed from Toyota Motor's perspective. As far as Toyota Motor could tell, it had a right to repossess the vehicle, and USATF, as the repossession agency, also had a right to repossess the vehicle. (See Maghakian Decl. Ex. C (repossession order showing past due amount of $2028.74)). Nothing in the record suggests that USATF or Toyota Motor knew or had reason to know that HSBC had misdirected the payment. Durandisse provides no evidence that would raise a question of fact about USATF's right to repossess the vehicle.

- 8 -

Durandisse also argues that USATF "failed to inquire
concerning the debt with Toyota," and "failed to communicate with
the Plaintiff prior to the repossession of her vehicle."  (Opp'n
to USATF 56.1 ¶¶ 3-4).  She claims these notice failures violated
15 U.S.C. § 1692g, which requires debt collectors "within five
days after the initial communication with a consumer in
connection with the collection of any debt" to "send the consumer
a written notice."  § 1692g(a).  Durandisse's reliance on §
1692g(a) is misplaced.  Repossession agencies may not be held
liable as debt collectors under § 1692g(a).  It is only for
purposes of § 1692f(6), which regulates the "dispossession or
disablement of property," that repossession agencies are held
liable under the FDCPA.  See 15 U.S.C. § 1692(a)(6)("The term
'debt collector' means any person who uses any instrumentality of
interstate commerce or the mails in any business the principal
purpose of which is the collection of any debts . . . . For the
purpose of section 1692f(6) of this title, such term also
includes any person who uses any instrumentality of interstate
commerce or the mails in any business the principal purpose of
which is the enforcement of security interests."); see also
Jordan, 731 F. Supp. at 656-58 (noting that repossession agencies
are not considered debt collectors for most provisions of the
FDCPA).  Thus USATF, as the repossession agency, had no duty
under the FDCPA to notify Durandisse of its intent to repossess
her vehicle.  Indeed, notice prior to repossession would not make
sense in this context, as repossession agencies would have great
difficulty repossessing automobiles and other personal property

if they had to warn debtors in advance that they would be doing
so.

Durandisse also argues that USATF has not responded to
her discovery requests.  The record does not reflect, however,
that Durandisse made any motions to compel at any point or sought
an extension of the January 2, 2007 discovery deadline.
Durandisse surely had the opportunity to seek discovery, and to
the extent she did not get any particular discovery, she did not
seek relief.[1]  Even assuming USATF did not respond to
Durandisse's discovery requests, she has come forward with no
other evidence from any other source in support of her claim.
Accordingly, Durandisse's FDCPA claim against USATF is dismissed.

## C.  **The TILA**

Durandisse alleges HSBC violated the TILA by "failing
to disclose the hidden financial charge(s) contained in [its
transactions] for inflated financing, and charging undisclosed
fees, miscalculating the true financing charges from the date of
the financing instead of the date of the payoff."  (Second Am.
Compl. ¶ 23).

### 1.  **Applicable Law**

The TILA is designed to provide information to
consumers who are applying for credit plans.  The purpose of the
TILA is to "assure a meaningful disclosure of credit terms so

---

[1]      Durandisse does assert she made an application to
strike USATF's answer for discovery abuse; the Court, however,
denied her motion for a default judgment against USATF on
December 1, 2006.

- 10 -

that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601(a); see, e.g., Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 568 (1980) ("Meaningful disclosure does not mean more disclosure.  Rather, it describes a balance between competing considerations of complete disclosure . . . and the need to avoid . . . [informational overload]." (internal quotations omitted)); Pechinski v. Astoria Fed. Savs. & Loan Ass'n, 238 F. Supp. 2d 640, 642 (S.D.N.Y. 2003).  It is a remedial statute that, in accordance with Congressional intent, should be liberally construed in favor of consumers.  Pechinski, 238 F. Supp. 2d at 642 (citing N.C. Freed Co. v. Bd. of Governors of the Fed. Reserve Sys., 473 F.2d 1210, 1214 (2d Cir. 1973)).

#### b.   **Application**

Durandisse's second amended complaint does not make clear what actions taken by HSBC constitute a violation of the TILA.  The primary basis for her TILA claim appears to be her allegation that HSBC "sent the payoff check to the wrong address so that a new payoff was actually sent over two months later." (Second Am. Compl. ¶¶ 23, 24).

Durandisse does not state a claim for a TILA violation based on HSBC's error in sending the payoff check to Toyota Motor.  She simply fails to articulate how such an error constitutes a failure by HSBC to meaningfully disclose its credit terms.  Indeed, Durandisse acknowledges that HSBC met its TILA disclosure obligations in its Repayment and Security Agreement

- 11 -

with Durandisse dated August 1, 2005.   (Opp'n to HSBC 56.1 ¶ 2;
see also DiPaolo Decl. Ex. C).   HSBC's subsequent failure to
timely pay Toyota Motor for over a month did not affect the
accuracy of its disclosures.

        Durandisse also alleges "hidden financial charges" and
"undisclosed fees" by HSBC.   (Second Am. Compl. ¶ 23).   She
provides no evidence whatsoever, however, showing that she was
levied any such charges and fees.

        Perhaps recognizing that any errors by HSBC in
directing the payment to Toyota Motor fail to form the basis for
a TILA claim, Durandisse raises a new ground for claiming
violations of the TILA in her opposition brief to HSBC's motion.
She argues HSBC failed to give her a copy of its TILA disclosures
prior to the consummation of the financing transaction between
the parties.   This claim fails.   First, the claim is not asserted
in the second amended complaint, which contains no such factual
allegations.   Second, the assertion is purely conclusory, as
Durandisse fails to provide an affidavit or any other evidence in
her opposition in support of these allegations.   Third, HSBC, has
provided a copy of Durandisse's Repayment and Security Agreement,
dated August 1, 2005, which discloses all meaningful credit terms
and bears an acknowledgment of receipt signed by Durandisse.
(Dipaolo Decl. Ex. C).

        Accordingly, Durandisse has not shown the existence of
a genuine issue of fact for trial.   HSBC's motion is granted and
Durandisse's TILA claim is dismissed.

## D.   **Remaining State Law Claims**

          Both USATF and HSBC move to dismiss the remaining state

law claims against them as without merit; they also argue that

the court should decline to exercise supplemental jurisdiction

over the state law claims.   See Carnegie-Mellon Univ. v. Cohill,

484 U.S. 343, 350 n.7 (1988)("in the usual case in which all

federal-law claims are eliminated before trial, the balance of

factors to be considered under the pendent jurisdiction doctrine

-- judicial economy, convenience, fairness, and comity -- will

point toward declining to exercise jurisdiction over the

remaining state-law claims").

          Durandisse does not oppose defendants' motions as to

her state law claims.   With the dismissal of Durandisse's federal

FDCPA and TILA claims, there remains no independent

jurisdictional basis for her state law claims.   Accordingly, I

decline to exercise supplemental jurisdiction over her state law

claims against USATF and HSBC and dismiss them as well.   See

Healy v. City of New York Dep't of Sanitation, 286 F. App'x 744,

746 (2d Cir. 2008).   Durandisse may pursue the claims in state

court if she wishes.

### CONCLUSION

          For the foregoing reasons, USATF and HSBC's motions are

granted, and Durandisse's second amended complaint is dismissed.

The Clerk of the Court shall enter judgment dismissing the

complaint, with prejudice as to the federal FDCPA and TILA claims

but without prejudice to refiling the state law claims in state

court, and with costs but without attorneys' fees.

SO ORDERED.

Dated:    New York, New York
          July 30, 2009

DENNY CHIN
United States District Judge